TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00348-CR







Tommy Joe Logans, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0981914, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant Tommy Joe Logans guilty of possessing less than 200 grams
of cocaine with intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (West
Supp. 2000). The jury assessed punishment, enhanced by previous felony convictions, at
imprisonment for fifty years.

Logans's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to Logans, who was
advised of his right to examine the appellate record and to file a pro se brief. 

Logans filed a pro se brief by which he complains of jury selection error, urges that
his motion to suppress evidence was erroneously overruled, and contends the evidence is not
sufficient to sustain the guilty verdict. We will overrule these contentions and affirm the
conviction.

Austin Police Officer Carl Hendricks was told by another officer that a man named
"T" was reported to be selling narcotics from a gray Buick parked at a restaurant known as The
Shack. Using the pager number he had been given by the other officer, Hendricks contacted "T"
and arranged to meet him at The Shack to make a drug purchase. Hendricks and two other
officers then drove to The Shack in an unmarked car. They saw three men standing outside beside
the gray Buick. Having no description for "T", Hendricks paged him again. One of the three
men outside the restaurant, identified as Logans, responded to the page by calling Hendricks back
on a cell phone.

The officers approached Logans on foot, told him they had been told he was selling
drugs, and asked if the Buick belonged to him. Logans said the car belonged to his wife. The
officers asked for permission to search the car, and Logans signed a written form consenting to
the search. After signing the consent form, and while the officers were questioning him, Logans
said that there was crack cocaine in the center console. During the subsequent search, the officers
found cocaine where appellant said it would be, together with two tally sheets.

Appellant contends the evidence against him should have been suppressed because
he was unlawfully detained. A police officer may briefly detain a person for investigative
purposes if the officer, in light of his experience, has a reasonable suspicion supported by
articulable facts that criminal activity may be afoot. See Terry v. Ohio, 392 U.S. 1, 30 (1968). 
The reasonableness of a temporary detention must be examined in terms of the totality of the
circumstances. See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary
detention is justified when the detaining officer has specific articulable facts, which taken together
with rational inferences from those facts, lead him to conclude that the person detained is, has
been, or soon will be engaged in criminal activity. See id. A reasonable suspicion means more
than a mere hunch or suspicion. See Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997). A detention is not permissible unless the circumstances objectively support a reasonable
suspicion of criminal activity. See id.

Officer Hendricks confirmed all the information he was given by the other officer. 
He called the pager number, contacted "T", and arranged to purchase cocaine at The Shack. The
gray Buick was found at that location. By again paging "T", the officers identified Logans as the
suspected drug dealer. At that point, the facts known to the officers gave them a rational basis
for suspecting that Logans was engaged in criminal activity and warranted his temporary detention
for further investigation. The opinion on which appellant relies, Salcido v. State, 758 S.W.2d
261 (Tex. Crim. App. 1988), is distinguishable. There, the officers did not corroborate the
anonymous tip before seizing the defendant. Points of error one, three, and four are overruled.

Next, Logans contends his statement to the officers that cocaine would be found
in the Buick's console was the product of unlawful custodial interrogation because he was not
advised of his rights and because his right to remain silent was not honored. See Miranda v.
Arizona, 384 U.S. 436, 467-75 (1966); Maestas v. State, 987 S.W.2d 59, 61-62 (Tex. Crim. App.
1999). These contentions were not presented to the district court and therefore were not preserved
for review. See Tex. R. App. P. 33.1(a). At the suppression hearing, Logans contended that his
statement was not recorded as required by statute. See Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3(a) (West Supp. 2000). If for no other reason, this contention was properly overruled because
the statement contained an assertion of fact that was found to be true and tended to establish
Logans's guilt. See id. art. 38.22, § 3(c). Points of error two and five are overruled.

In his final point relating to the motion to suppress, Logans contends his consent
to the search was not voluntary. There is no evidence in the record to support this contention. 
The record reflects that Logans was not in custody at the time his consent to the search was sought
and obtained. Logans did not testify at the suppression hearing and there is no evidence that he
was intimidated or pressured by the officers. Point of error six is overruled.

Logans contends the evidence is not sufficient to sustain the guilty verdict because
"there is insufficient evidence to prove beyond a reasonable doubt that the adulterants and
dilutants constitute a part of the weight" alleged. He relies on the opinions in Reeves v. State, 806
S.W.2d 540, 543 (Tex. Crim. App. 1990), Engelking v. State, 750 S.W.2d 213 (Tex. Crim. App.
1988), and McGlothlin v. State, 749 S.W.2d 856 (Tex. Crim. App. 1988). These opinions were
decided before the legislature defined adulterants and dilutants. See Tex. Health & Safety Code
Ann. § 481.002(49) (West Supp. 2000). Under this definition, any material that increases the
bulk or quantity of a controlled substance is an adulterant or dilutant. Therefore, all of the
material possessed by Logans in addition to the cocaine was an adulterant or dilutant. The proof
required by the opinions on which he relies is no longer necessary. See Williams v. State, 936
S.W.2d 399, 405 (Tex. App.--Fort Worth 1996, pet. ref'd). Point of error eight is overruled.

Logans's seventh point of error urges Batson error. See Batson v. Kentucky, 476
U.S. 79 (1986); see also Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989). At trial, Logans
challenged as racially biased the State's peremptory challenges to three African American
panelists. The prosecutor explained that the first panelist was struck because he was an attorney,
and noted that the only other attorney on the panel was also struck. The prosecutor explained the
second strike by citing the panelist's expressed bias against the police growing out of her son's
incarceration for a drug offense. The prosecutor added that at least two other panelists related to
persons with drug problems had been struck. The prosecutor's explanation for the third strike was
that the panelist had known two persons who died as a result of a drug overdose. The district
court ruled, and we agree, that the State's explanations were racially neutral. Logans made no
effort to rebut these neutral explanations. The district court's ruling was not clearly erroneous. 
See Mandujano v. State, 966 S.W.2d 816, 818-19 (Tex. App.--Austin 1998, pet. ref'd). Point of
error seven is overruled.

Finally, Logans contends the district court abused its discretion by ruling that a
person selected for the jury was disqualified. After the trial jurors had been selected, but before
they were sworn, one of the jurors approached the bailiff and told him that he did not fully
understand English. During questioning outside the presence of the other jurors, it was
established that this juror was not a United States citizen. See Tex. Code Crim. Proc. Ann. art.
35.12 (West 1989); Tex. Gov't Code Ann. § 62.102 (West 1998) (juror must be qualified to
vote); Tex. Elec. Code Ann. § 11.002 (West Supp. 2000) (voter must be United States citizen). 
Without objection, the court excused the juror and substituted the next panelist on the list as the
twelfth juror. No error is shown. Point of error nine is overruled.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 10, 2000

Do Not Publish



the product of unlawful custodial interrogation because he was not
advised of his rights and because his right to remain silent was not honored. See Miranda v.
Arizona, 384 U.S. 436, 467-75 (1966); Maestas v. State, 987 S.W.2d 59, 61-62 (Tex. Crim. App.
1999). These contentions were not presented to the district court and therefore were not preserved
for review. See Tex. R. App. P. 33.1(a). At the suppression hearing, Logans contended that his
statement was not recorded as required by statute. See Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3(a) (West Supp. 2000). If for no other reason, this contention was properly overruled because
the statement contained an assertion of fact that was found to be true and tended to establish
Logans's guilt. See id. art. 38.22, § 3(c). Points of error two and five are overruled.

In his final point relating to the motion to suppress, Logans contends his consent
to the search was not voluntary. There is no evidence in the record to support this contention. 
The record reflects that Logans was not in custody at the time his consent to the search was sought
and obtained. Logans did not testify at the suppression hearing and there is no evidence that he
was intimidated or pressured by the officers. Point of error six is overruled.

Logans contends the evidence is not sufficient to sustain the guilty verdict because
"there is insufficient evidence to prove beyond a reasonable doubt that the adulterants and
dilutants constitute a part of the weight" alleged. He relies on the opinions in Reeves v. State, 806
S.W.2d 540, 543 (Tex. Crim. App. 1990), Engelking v. State, 750 S.W.2d 213 (Tex. Crim. App.
1988), and McGlothlin v. State, 749 S.W.2d 856 (Tex. Crim. App. 1988). These opinions were
decided before the legislature defined adulterants and dilutants. See Tex. Health & Safety Code
Ann. § 481.002(49) (West Supp. 2000). Under this definition, any material that increases the
bulk or quantity of a controlled substance is an adulterant or dilutant. Therefore, all of the
material possessed by Logans in addition to the cocaine was an adulterant or dilutant. The proof
required by the opinions on which he relies is no longer necessary. See Williams v. State, 936
S.W.2d 399, 405 (Tex. App.--Fort Worth 1996, pet. ref'd). Point of error eight is overruled.

Logans's seventh point of error urges Batson error. See Batson v. Kentucky, 476
U.S. 79 (1986); see also Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989). At trial, Logans
challenged as racially biased the State's peremptory challenges to three African American
panelists. The prosecutor explained that the first panelist was struck because he was an attorney,
and noted that the only other attorney on the panel was also struck. The prosecutor explained the
second strike by citing the panelist's expressed bias against the police growing out of her son's
incarceration for a drug offense. The prosecutor added that at least two other panelists related to
persons with drug problems had been struck. The prosecutor's explanation for the third strike was
that the panelist had known two persons who died as a result of a drug overdose. The district
court ruled, and we agree, that the State's explanations were racially neutral. Logans made no
effort to rebut these neutral explanations. The district court's ruling was not clearly erroneous. 
See Mandujano v. State, 966 S.W.2d 816, 818-19 (Tex. App.--Austin 1998, pet. ref'd). Point of
error seven is overruled.

Finally, Logans contends the district court abused its discretion by ruling that a
person selected for the jury was disqualified. After the trial jurors had been selected, but before
they were sworn, one of the jurors approached the bailiff and told him t